J-S02017-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER D. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 382 EDA 2025 |

Appeal from the PCRA Order Entered June 21, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002847-2019

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 17, 2026**

Christopher D. Williams (Appellant), *pro se*, appeals, *nunc pro tunc*, from the order dismissing his first petition timely filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  Appellant asserts the PCRA court erred in denying relief on his claims of ineffective assistance rendered by his plea counsel and PCRA counsel.  We affirm.

On August 18, 2021, Appellant entered a negotiated guilty plea to robbery (fear of serious bodily injury), indecent assault (by forcible compulsion), and possession of an instrument of crime.[1]  Appellant was

---

[1] **See** 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3126(a)(2), 907(a).  At his guilty plea hearing, Appellant admitted that on April 2, 2019, in Norristown, Montgomery County, he approached the adult female victim "with a black knife, push[ed] her down to the ground, h[e]ld the knife to her throat, and [took] her cell phone…."  N.T., 8/18/21, at 16.  During the robbery, Appellant "shoved [his] hand down [the victim's] shirt and reached into her bra[,] where [he] then touched her breasts."  *Id.*

represented by Assistant Public Defender Aaron Kostyk, Esquire (plea counsel). Following his completion of extensive oral and written guilty plea colloquies,[2] the trial court accepted Appellant's plea, finding that he tendered it knowingly, intelligently, and voluntarily. *See* N.T., 8/18/21, at 19-20. Consistent with the negotiated plea agreement, after considering Appellant's allocution, *see id.* at 20, the trial court immediately sentenced him to an aggregate 14 to 30 years' imprisonment. The court ordered Appellant to pay the costs of prosecution and restitution in the amount of $3,225.00. Appellant did not file post-sentence motions or a direct appeal.

On July 19, 2022, Appellant timely filed a *pro se* PCRA petition,[3] his first, asserting plea counsel's ineffectiveness. Appellant alleged that ten days prior to the guilty plea/sentencing hearing, he verbally informed the trial court judge that (1) he was dissatisfied with plea counsel's representation and requested the appointment of new counsel; (2) plea counsel neglected to perform a competent investigation of Appellant's case and inadequately communicated with Appellant prior to entry of the guilty plea; and (3)

---

[2] Appellant confirmed that (1) he had previously been convicted of a sex offense that required him to register as a sex offender; and (2) in the instant case, if he "had gone to trial and [was] convicted [of indecent assault, he] could have faced a [statutory] mandatory twenty-five to fifty-year sentence" on that charge, as a second-strike sex offender. N.T., 8/18/21, at 17; *see also* 42 Pa.C.S.A. § 9718.2(a)(1) (governing mandatory minimum sentences for second-strike sex offenders).

[3] *See* 42 Pa.C.S.A. § 9545(b)(1) (providing all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final). Here, it is undisputed that Appellant timely filed his petition.

Appellant had informed plea counsel of his desire to proceed to trial, but counsel "was only talking about [plea] deals." PCRA Petition, 7/19/22, at 3.

On August 24, 2022, the PCRA court appointed Scott McIntosh, Esquire (PCRA counsel), to represent Appellant in connection with the PCRA proceedings. On January 26, 2023, in lieu of filing an amended PCRA petition, PCRA counsel filed a motion to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (setting forth the requirements for withdrawal from representation during collateral review), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same). PCRA counsel stated that "after an independent review of the record, [counsel] concluded that the issues raised in [Appellant's *pro se*] petition were meritless." Motion to Withdraw, 1/26/23, ¶ 3; **see also id.** ¶ 4 (asserting PCRA counsel sent Appellant a "no-merit" letter[4] explaining counsel's reasons for his determination and Appellant's rights if the PCRA court granted PCRA counsel permission to withdraw).

The PCRA court described what next transpired in its opinion:

> On April 18, 2023, upon review of PCRA counsel's no[-]merit letter and the court's independent review of the record, the [PCRA court] issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Appellant's PCRA petition without a hearing, and granted PCRA counsel leave to withdraw … (hereinafter "Rule 907 Notice"). The Rule 907 Notice advised Appellant of his right to file a response. The Rule 907 Notice was filed on the docket and sent

---

[4] In his thorough no-merit letter, PCRA counsel stated that "although a sexually violent predator assessment was ordered by the [trial] court, none has ever been completed as of this date." No-Merit Letter, 1/26/23, at 2 (capitalization modified).

to Appellant by certified mail, return receipt requested. The court received confirmation via "domestic return receipt" that said mail was delivered. Appellant did not submit any response.

On June 2[1], 2023, the [PCRA court] issued a final order of dismissal dismissing Appellant's PCRA petition without a hearing. The final order of dismissal was filed on the docket and sent to Appellant by certified mail, return receipt requested. The court received confirmation via "domestic return receipt" that said mail was delivered, postmarked June 26, 2023.

On March 6, 2024, Appellant filed a *pro se* correspondence acknowledging that he received the Rule 907 Notice, but is awaiting a final order dismissing his PCRA [petition]. On November 15, 2024, Appellant filed a *pro se nunc pro tunc* PCRA petition[,] claiming once again that he did not receive a copy of the final order dismissing his PCRA petition. He attached an offer of proof from the prison mail room stating that no legal mail was received during the first three (3) weeks of July 2023. Because [Appellant] did not receive the final order dismissing his PCRA petition without a hearing, the appeal period passed, and Appellant was not able to file a timely appeal [from] the dismissal of his PCRA petition.

Due to a breakdown in the court system, on December 17, 2024, the [PCRA court] reinstated Appellant's appeal rights[, *nunc pro tunc*,] and directed that he file any notice of appeal from the dismissal of his PCRA petition within thirty (30) days of the order. On that same date, said order was filed on the docket[5] and mailed to Appellant via certified mail, return receipt requested.

_____

[5] However, another breakdown occurred in the court system, as the PCRA court docket does not indicate that Appellant was served with the December 17, 2024, order reinstating his appellate rights, *nunc pro tunc*, as required by our Rules of Criminal Procedure. *See* Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented."), and (C)(2)(c) (mandating that the trial court docket contain "the date of service of the order or court notice."). Rather, the docket states that the December 17, 2024, order was served upon plea counsel, who no longer represented Appellant. *See* PCRA Court Docket, Entry 72.

PCRA Court Opinion, 3/21/25, at 2-4 (footnote added; original footnote omitted).

On January 21, 2025, Appellant filed, mistakenly in this Court, a *pro se* notice of appeal. **See** Pa.R.A.P. 905(a)(4).[6] Consistent with Rule 905(a)(4), Appellant's notice of appeal was time-stamped and forwarded to the PCRA court for docketing. **Id.**; **see also** PCRA Court Opinion, 3/21/25, at 4. The PCRA court received the notice of appeal on January 23, 2025, and docketed it that same date. PCRA Court Opinion, 3/21/25, at 4. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, nor did he file a concise statement.

Appellant presents four issues for our review:

1. Was Appellant's guilty plea unknowing, unintelligent, and involuntary due to [plea] counsel's deficient performance?

2. Did [plea] counsel render ineffective assistance by failing to investigate or prepare a defense?

3. Did [plea] counsel render ineffective assistance by failing to file a direct appeal when requested[,] or to consult [Appellant] about appeal rights?

_____

[6] Rule 905(a)(4) provides as follows:

If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa.R.A.P. 905(a)(4).

4. Did PCRA counsel render ineffective assistance by failing to raise meritorious claims of [plea] counsel's ineffectiveness?

Appellant's Brief at 2-3 (unpaginated) (issues reordered for ease of disposition).

As a threshold matter, we address the timeliness of this appeal. *See* *Commonwealth v. Reid*, 235 A.3d 1124, 1170 (Pa. 2020) ("The timeliness of an appeal … [goes] to the jurisdiction of [an appellate c]ourt and its competency to act." (citation omitted)). Appellant's *pro se* notice of appeal was docketed in the PCRA court over 30 days after filing of the December 17, 2024, order. *See* Pa.R.A.P. 903(a) (providing that the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, as noted above, a breakdown occurred in the court system, as the PCRA court docket does not reflect that Appellant was served with the December 17, 2024, order. *See* Pa.R.Crim.P. 114(B)(1), (C)(2)(c), *supra*. This Court has stated that

> [w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.

*Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023). Accordingly, we treat this appeal as timely[7] and proceed to address the merits of Appellant's issues.

We review the dismissal of a PCRA petition to "determine whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022) (citation, footnote, and internal quotation marks omitted). Our scope of review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Conforti*, 303 A.3d 715, 725 (Pa. 2023) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Gibson*, 318 A.3d 927, 933 (Pa. Super. 2024) (citation omitted).

A PCRA petitioner is not entitled to a PCRA hearing as a matter of right. *Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021). Rather,

> [t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have

_____

[7] Moreover, the PCRA court, applying the "prisoner mailbox rule," *see* Pa.R.A.P. 121(f), deemed Appellant's notice of appeal to be timely filed, "as it is reasonable that he submitted the filing to the prison authorities by the filing deadline of Thursday, January 16, 2025[,] for it to arrive at the Superior Court on Tuesday, January 21, 2025." PCRA Court Opinion, 3/21/25, at 5; *see also id.* at 5 n.6 (discussing prisoner mailbox rule).

entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011) (citation omitted).

Instantly, we address Appellant's first two issues together, as they are related. Appellant asserts the PCRA court erred in denying relief on his claims of plea counsel's ineffectiveness based on counsel's (1) inadequate representation and investigation into the merits of Appellant's case; and (2) pressuring Appellant into entering an involuntary guilty plea. *See* Appellant's Brief at 4-5 (unpaginated).

> A PCRA petitioner claiming ineffective assistance of counsel
>
> will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). To establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails.

*Id.* (citations omitted). "Counsel is presumed to have rendered effective assistance." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015); *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance

must be highly deferential." (citation and internal quotation marks omitted)). "Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Shields*, 347 A.3d 734, 745 (Pa. Super. 2025) (quoting *Trieber*, 121 A.3d at 445).

Instantly, Appellant argues the PCRA court improperly rejected his claim of plea counsel's ineffectiveness, where counsel (1) "exerted pressure" upon Appellant to accept the negotiated guilty plea agreement; (2) failed to advise Appellant "of possible defenses, mitigating factors, or the full sentencing range"; and (3) "conducted no meaningful investigation" into Appellant's case and possible defenses. Appellant's Brief at 4, 5 (unpaginated). According to Appellant, absent plea counsel's ineffectiveness, Appellant "would have elected to proceed to trial." *Id.* at 4 (unpaginated); *see also id.* at 5 (unpaginated) (asserting the guilty plea "was tainted by [plea] counsel's failures").

The Commonwealth counters the PCRA court properly denied relief on Appellant's claims of plea counsel's ineffectiveness, where, *inter alia*, they lack arguable merit and are belied by the record. *See* Commonwealth Brief at 6, 12-13.

> The record shows that [Appellant] knowingly, intelligently, and voluntarily accepted a negotiated plea that afforded him a substantially more lenient sentence. To prevail now, he would have to disavow his sworn statements and admit that he lied under oath.

*Id.* at 6.  The Commonwealth points out that, regarding Appellant's indecent

assault conviction, the trial court imposed

> only a two and a half to five-year term [of incarceration]—a sentence far below the 25- to 50-year mandatory minimum [Appellant] risked if convicted at trial as a second-strike offender[. *See* 42 Pa.C.S.A. § 9718.2(a)(1), *supra*.]  …  The benefit [Appellant] received indicates he entered the negotiated plea voluntarily.  Confronted with exposure to lengthier mandatory sentences …, [plea] counsel had reason to advise [Appellant] to accept the plea deal to secure the revised, lesser negotiated sentenc[e].

*Id.* at 14 (internal citations and paragraph break omitted).

"Ineffective assistance of counsel claims arising from the plea-

bargaining process are eligible for PCRA review."  ***Commonwealth v. Kelley***,

136 A.3d 1007, 1012 (Pa. Super. 2016).  This Court has explained that

> [a] criminal defendant has the right to effective counsel during a plea process as well as during trial.  A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty….

***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017)

(internal citations and quotation marks omitted).  "Allegations of

ineffectiveness in connection with the entry of a guilty plea will serve as a

basis for relief only if the ineffectiveness caused the defendant to enter an

involuntary or unknowing plea."  ***Kelley***, 136 A.3d at 1013 (citation omitted).

"Where the defendant enters his plea on the advice of counsel, the

voluntariness of the plea depends on whether counsel's advice was within the

range of competence demanded of attorneys in criminal cases." *Id.* (citation omitted).

It is well established that

[a] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. **Our law presumes that a defendant who enters a guilty plea was aware of what he was doing.** He bears the burden of proving otherwise. **The entry of a negotiated plea is a strong indicator of the voluntariness of the plea.**

*Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (emphasis added; internal citations, brackets, and quotation marks omitted). "To prove prejudice, [an] appellant must prove he would not have pled guilty [absent counsel's deficient representation,] and would have achieved a better outcome at trial." *Commonwealth v. Fears*, 86 A.3d 795, 807 (Pa. 2014) (citation omitted).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Pa.R.Crim.P. 590(A)(2), cmt. "The salutary purposes of the [plea colloquy] requirement include protecting against the situation … [of] a defendant's mistaken plea to an offense that is not actually implicated by his conduct." *Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004). In short, "[t]he guilty plea

colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted).

This Court has stated that

where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. **A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements he made when he pled.**

*Commonwealth v. Gabra*, 336 A.3d 1052, 1057 (Pa. Super. 2025) (citation omitted; emphasis added). "[A] defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (citation omitted). *Cf. Commonwealth v. Carter*, 464 A.2d 1327, 1334 (Pa. Super. 1983) (stating that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void" (citation omitted)). Further, "the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Reid*, 117 A.3d at 783 (citation and brackets omitted).

Finally, our Supreme Court has stated that "[c]ounsel has a duty to undertake reasonable investigations or to make reasonable decisions that

render particular investigations unnecessary." ***Commonwealth v. Basemore***, 744 A.2d 717, 735 (Pa. 2000). "Counsel's unreasonable failure to prepare for trial is an abdication of the minimum performance required of defense counsel." ***Commonwealth v. Johnson***, 966 A.2d 523, 535 (Pa. 2009) (citations and quotation marks omitted).

Instantly, in its Rule 1925(a) opinion, the PCRA court determined it properly denied relief on Appellant's claim of plea counsel's ineffectiveness, cogently reasoning as follows:

> [T]he written colloquy and oral colloquy together addressed all the essential elements for a valid plea. Appellant signed a written plea colloquy, signed an addendum to the guilty plea colloquy for sexual offenders, and engaged in an extensive oral colloquy with the sentencing court. [***See generally***] Written Guilty Plea Colloquy, 8/18/21; N.T. (Guilty Plea), 8/18/21, at 5-19. Appellant initialed each page … [of] his written plea colloquy. [**Appellant**] **stated that he went over the written colloquy with** [**plea counsel**]. (N.T., 8/18/21, at 9). Appellant stated that, if [he was] asked the questions [set forth] in the written colloquy while under oath, his answers would be the same. ***Id.*** at 10.
>
> At the start of the guilty plea and sentencing hearing, the District Attorney put the terms of the negotiated plea on the record. During the oral colloquy, Appellant stated that he understood English. Appellant affirmed that he wanted to plead guilty to the terms the Assistant District Attorney placed on the record. ***Id.*** at 8. **Appellant stated he had several conversations with** [**plea counsel**] **and had sufficient time to speak with** [**counsel**] **before deciding to plead guilty.** ***Id.*** at 8, 12.
>
> Appellant acknowledged that he understood the nature of the charges to which he was pleading guilty. The sentencing court and [plea] counsel explicitly laid out and explained each of the elements for the three charges to which Appellant was pleading guilty. ***Id.*** at 12-14. Appellant stated that he understood the elements and the nature of each of the charges. ***Id.***; ***see also***

- 13 -

Written Guilty Plea Colloquy, ¶¶ 14, 15. Appellant admitted to a factual basis for the plea. (N.T., 8/18/21, at 16.)

**Appellant indicated he understood he had the option of accepting the plea or proceeding to a jury trial or a bench trial.** *Id.* Appellant stated he understood that if he proceeded with a jury trial he would have the right to select a jury that would have to render a unanimous decision. *Id.* Appellant understood the rights that he was giving up by proceeding with a guilty plea rather than a jury trial. (Written Guilty Plea Colloquy, ¶¶ 16-21). Appellant indicated that he understood that he is presumed innocent until found guilty. *Id.* ¶¶ 18-20.

Appellant stated that he understood the maximum penalties for each crime, including the period of incarceration, the fines, the SORNA[8]/Megan's Law offenses and reporting requirements, and his future sentences should he be subsequently convicted [of another sex crime]. N.T., 8/18/21, at 16-19; *see also* Written Guilty Plea Colloquy, ¶¶ 22-23. Appellant acknowledged that he understood the mandatory sentence that would be imposed[, *i.e.*, if he had proceeded to trial and been found guilty of indecent assault]. (N.T., 8/18/21, at 16-19). Appellant indicated he understood that the judge is not bound by the terms of the agreed plea agreement. (Written Guilty Plea Colloquy, ¶¶ 24-25).

Appellant stated that he understood all of his post sentencing rights and grounds for appeal. N.T., 8/18/21, at 8-9, 14-16; *see also* Written Guilty Plea Colloquy, ¶¶ 25-26. **Appellant did not express any dissatisfaction at any point during the hearing. Appellant indicated that he was entering the guilty plea on his own free will.**

The sentencing court determined that Appellant knowingly, intelligently and voluntarily entered a negotiated plea of guilty for [the above-mentioned offenses]. The sentencing court accepted the guilty plea and imposed the negotiated sentence. (N.T., 8/18/21, at 19-24). Appellant exercised his right of allocution before the court imposed the negotiated sentence. *Id.* at 20.

---

[8] *See* 42 Pa.C.S.A. § 9799.10 – 9799.95 (Sexual Offenders Reporting and Notification Act).

Considering the totality of the circumstances, the record reflects that Appellant voluntarily, knowingly, and intelligently entered his guilty plea. **Appellant's claim that he told [the judge who presided over the guilty plea hearing,] during a [] conference[] ten days prior to his guilty plea hearing, that he was unhappy with [plea counsel,] and wanted to go to trial, is not supported by the record**. At his guilty plea hearing, **Appellant explicitly stated that he had enough time to speak with [plea counsel] about pleading guilty, and that he understood that he could proceed to trial if he wished.** Appellant stated that he wanted to plead guilty. Based on the foregoing, Appellant's claim of ineffective assistance of plea counsel has no arguable merit.

PCRA Court Opinion, 3/21/25, at 8-10 (footnote and emphasis added; footnote in original omitted; some citations and punctuation modified).

Our review of the record, including both the oral and written colloquies, discloses the PCRA court's factual findings are supported by the record. We additionally observe that, **in his written guilty plea colloquy, Appellant confirmed that he was "satisfied with [plea counsel's] representation"** and that "the decision to enter a guilty plea [was his] and [his] alone." Written Guilty Plea Colloquy, 8/18/21, ¶¶ 32, 38 (emphasis added; punctuation modified). Appellant further confirmed that no one had pressured or induced him into pleading guilty. *Id.* ¶¶ 31, 39. Appellant "is bound by the statements he ma[de] during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements he made when he pled." *Gabra*, 336 A.3d at 1057. Moreover, the fact that Appellant entered a negotiated plea, and, in exchange, received a **substantially lower sentence**

than he risked if convicted at trial, is itself "a strong indicator of the voluntariness of the plea." ***Reid***, 117 A.3d at 783.

In sum, the thorough written and oral guilty plea colloquies, as well as the totality of the circumstances, "affirmatively demonstrate that [Appellant] understood what the plea connoted and its consequences." ***Bedell***, 954 A.2d at 1212 (citation omitted). While Appellant might not be pleased with the consequences of his decision to enter a negotiated guilty plea, the law requires only that his decision be made knowingly, voluntarily and intelligently. ***See Reid***, 117 A.3d at 783 (stating that "the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty").

Based on the foregoing, we agree with the PCRA court that there is no arguable merit to Appellant's underlying claims, and thus, his allegations of plea counsel's ineffectiveness fail. ***See Spotz***, 84 A.3d at 311. Appellant's first two issues merit no relief.

In his third issue, Appellant argues the PCRA court improperly denied relief on his claim of plea counsel's ineffectiveness for ignoring Appellant's "express[] request[] that counsel file an appeal" from the judgment of sentence. Appellant's Brief at 4 (unpaginated). Appellant alleges that plea counsel also never "consulted Appellant about waiving [his] appellate rights." ***Id.***

Although the

- 16 -

right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, … before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [the a]ppellant must prove that he requested an appeal and that counsel disregarded this request.

*Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999) (citation omitted); *see also Commonwealth v. Parrish*, 273 A.3d 989, 992 n.2 (Pa. 2022) (observing "it has long been the law that counsel is ineffective *per se* if he fails to file a notice of appeal that his client requested be filed." (citation omitted)). "Mere allegation will not suffice; the burden is on [the a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Commonwealth v. Walls*, 993 A.2d 289, 301 (Pa. Super. 2010) (quoting *Harmon*, 738 A.2d at 1024).

Instantly, in his PCRA petition, Appellant did not raise a claim of plea counsel's ineffectiveness for failing to file a requested direct appeal. *See generally* PCRA Petition, 7/19/22. Indeed, Appellant raises this issue for the first time on appeal. *See* Pa.R.A.P. 302(a) (providing that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." *Commonwealth v. Washington*, 927 A.2d 586, 601

(Pa. 2007) (citing Rule 302(a)). Accordingly, this issue is waived.[9]  ***Id.***; Pa.R.A.P. 302(a).

In his fourth and final issue, Appellant contends PCRA counsel was ineffective for failing to file an amended PCRA petition raising Appellant's above-described claims of plea counsel's ineffectiveness. Appellant's Brief at 5 (unpaginated). Appellant invokes ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). Appellant's Brief at 5 (unpaginated).

This Court has stated that, in addressing "a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." ***Shields***, 347 A.3d at 744 (citation omitted).

Instantly, because each of Appellant's claims of plea counsel's ineffectiveness lack merit, PCRA counsel cannot be deemed ineffective for not raising these claims in an amended PCRA petition. ***Id.***; ***see also Trieber***,

_____

[9] Even if not waived, Appellant's claim would entitle him to no relief, as it constitutes "mere allegation" alone. ***Walls***, 993 A.2d at 301. Furthermore, our review of the record discloses that, at the guilty plea/sentencing hearing, Appellant confirmed that plea counsel had advised him regarding his direct appeal and post-sentence motion rights. ***See*** N.T., 8/18/21, at 14-16; ***see also*** Written Guilty Plea Colloquy, 8/19/21, ¶¶ 25-27.

121 A.3d at 445 (stating counsel cannot be deemed ineffective for failing to raise a meritless claim). Accordingly, Appellant's final issue merits no relief.

Based upon the foregoing, as we conclude the PCRA court did not err or abuse its discretion in dismissing Appellant's first PCRA petition without a hearing, we affirm the court's June 21, 2023, order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2026